| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE _____ COURT |
| | )ss | |
| COUNTY OF LAKE | ) | SITTING IN _____, INDIANA |
| | | |
| LINDA RAWLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | CAUSE NO: |
| | ) | |
| TOWN OF KOUTS, INDIANA, | ) | |
| and OFFICER JOHN DOE | ) | |
| individually and in his capacity as | ) | |
| a Town of Kouts police officer, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now Plaintiff, Linda Rawles, by counsel, the Law Office of David Gladish, P.C., by David S. Gladish and Mark J. Schocke, and hereby states this cause of action against Defendants Town of Kouts, Indiana, and Officer John Doe, individually and in his capacity as a Town of Kouts police officer, as follows:

## INTRODUCTION

1.     This action arises under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and federal law, specifically 42 U.S.C. §§1983 and 1988 as well as Indiana law claims.

2.     On or about August 31, 2025, Defendant Town of Kouts, Indiana, operated a police department with its Officer John Doe proceeding to assault and batter Plaintiff as well as violating her civil rights.

1

3. Specifically, Officer John Doe proceeded to viciously throw Mrs. Rawles to the ground and sit on her back while she was face down making it hard for her to breathe and causing her injuries until another Kouts officer arrived on the scene who then intervened and placed her in a Kouts police vehicle.

4. Officer John Doe handcuffed the Plaintiff and advised that she was under arrest; although no charges were ever filed, and Officer Doe lacked any reasonable articulable suspicion or probable cause that a crime had been committed by the Plaintiff.

5. As a result of the tortuous conduct by Defendant Town of Kouts, Indiana, and Officer John Doe outlined above, Plaintiff suffered severe personal injuries, deprivation of liberty, deprivation of Constitutional rights, battery, false imprisonment and violations of her Civil Rights.

**PARTIES**

6. Plaintiff, Linda Rawles is an adult resident of the Town of DeMotte, Jasper County, State of Indiana.

7. Defendant Officer John Doe is an employee of the Kouts Police Department and was acting under the color of state law at all times relevant to this litigation.

8. Defendant Town of Kouts, Indiana is a political subdivision of the State of Indiana.

**GROUNDS FOR RELIEF**

9. On or about August 31, 2025, Defendant Officer John Doe was acting in his scope and capacity as a police officer for the Kouts Police Department at all times relevant to this claim.

10. That as part of his duties with the Kouts Police Department, Defendant Officer John Doe was required to go on calls, investigate complaints, take individuals into custody and transport individuals.

11. That on the date in question, Defendant Officer John Doe, while acting in his capacity as a Kouts police officer, came into contact with the Plaintiff Linda Rawles after Plaintiff called 911 in an attempt to help three minors who were sprawled out on the side of the road in the extreme summer heat and signaling for help.

12. That Defendant Officer John Doe responded to the 911 call in full Kouts Police Department uniform and began to roughly handcuff and taunt the three minors in the Town of Kouts, Indiana, at the time of this incident.

13. Plaintiff was at the scene when Officer John Doe arrived on scene and decided to take video of the interaction between Officer John Doe and the three minors which is protected speech under the First Amendment to the United States Constitution.

14. For some unknown reason, Defendant Officer John Doe wanted Plaintiff to leave the scene.

15. Thereafter, Defendant Officer John Doe began to verbally and physically batter Plaintiff, and forcibly dislodged Plaintiff's recording device/cellular phone.

3

16. Defendant Doe threw Plaintiff to the ground using excessive force and subsequently sat on her back while she was face down causing injury to Plaintiff.

17. While face down on the ground, Plaintiff had extreme difficulty breathing and feared death.

18. After some time passed while Plaintiff was handcuffed and in the back of the police car, Officer John Doe released Plaintiff and proceeded to threaten Plaintiff with bringing charges against her for "failure to obey a lawful order" and other various charges.

19. No criminal charges were filed against Plaintiff arising from this incident on August 31, 2025.

20. As a direct and approximate result of Defendant Officer John Does' actions as outlined above, Plaintiff sustained personal injuries, deprivation of liberty, embarrassment, harassment, as well as suffered severe emotional distress due to physical pain, fear of criminal charges, and an extreme violation of her civil rights.

21. On the 22nd day of September, 2025, Defendants Town of Kouts, Indiana, and Officer John Doe were served with a Tort Claim Notice by Certified Mail.

22. That Defendant Town of Kouts, Indiana is responsible for the actions of its servant under a theory of *respondeat superior.*

## CAUSES OF ACTION

23. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitutions of the United States including, but not limited to : a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from excessive use of force by persons acting under color of state law; and d) the right to free speech and to record in public.

24. Defendant Officer John Doe's actions herein was motivated by evil motive or intent or were reckless and callously indifferent to the rights and liberties of Plaintiff.

25. As a direct and proximate result of the violations of her constitutional rights by Defendants, Plaintiff suffered general and specific damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983 and §1988, which include, but are not limited to, recovery of reasonable attorney's fees, expert fees and punitive damages.

26. Defendant Officer John Doe used excessive force against Plaintiff when other more reasonable and less drastic methods were available and/or failed to properly, timely and effectively ensure Plaintiff's rights to be free from unreasonable seizure and the excessive use of force were reasonably protected.

27. Defendant Town of Kouts, Indiana is responsible for the instruction, supervision, control and/or training of Defendant Officer John Doe and is responsible for formulating, creating, instituting and reasonably monitoring the Town of Kouts Police Department's

policies and customs, which the Town failed to do in an objectively reasonable manner which was a responsible cause of the injuries sustained by Plaintiff

28.     That Defendants Officer John Doe and the Town of Kouts, Indiana, owed Plaintiff a duty of care and negligently breached said duty.

29.     Defendant Town of Kouts, Indiana, negligently retained, hired, supervised, and trained Defendant Officer John Doe.

30.     Defendant Officer John Doe was acting pursuant to either official police policy or practice or custom and usage when they recklessly, negligently, intentionally, callously, and indifferently deprived Plaintiff of her rights and liberties guaranteed by the U.S. Constitution.

## STATE LAW CLAIMS

31.     Defendant Doe unlawfully restricted Plaintiff's freedom of movement against Plaintiff's will and/or otherwise falsely imprisoned Plaintiff.

32.     Defendant Doe unlawfully and falsely arrested the Plaintiff without probable cause as the reasonable facts and inferences of Officer Doe at the time did not warrant a reasonable belief that a crime had been committed by Plaintiff.

33.     Defendant Doe physically assaulted, battered, and falsely arrested the Plaintiff with the intent to cause the Plaintiff fear including but not limited to the following:

   (a) Defendant Doe caused harmful or offensive contact with the Plaintiff, and/or

   (b) Caused Plaintiff to fear that harmful or offensive contact was about to occur, and/or

  (c) the act of Officer Doe has caused the Plaintiff to have a reasonable fear that the contact was about to occur.

34. Defendant Doe recklessly, knowingly, and/or intentionally touched Plaintiff's person without Plaintiff's consent in a rude, insolent, and/or angry manner.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Linda Rawles demands the following relief against the Defendants Officer John Doe and the Town of Kouts, Indiana as follows:

  a. Compensatory damages for deprivation of her civil rights;

  b. Punitive damages where appropriate and allowed by law; against Officer John Doe.

  c. Reasonable attorney fees, together with costs and expenses of litigation pursuant to 42 U.S.C. §1988;

  d. Just compensation for injuries and damages sustained by Plaintiff including damages for emotional distress under Indiana law; and

  e. All other just and proper relief in the premises.

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Mark J. Schocke                                            /s/ David Gladish
MARK J. SCHOCKE, #29746-45          DAVID S. GLADISH, #18653-45
Law Office of David Gladish, P.C.          Law Office of David Gladish, P.C.
3235 45th Street                                        3235 45th Street
Highland, IN  46322                                Highland, IN  46322
(219) 838-1900                                         (219) 838-1900

8